**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **JUDY D. SHEETS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| -vs- | ) No.: |
| | ) |
| **RENAL RESEARCH INSTITUTE, LLC,** | ) |
| a/k/a **FRESENIUS MEDICAL CARE,** | ) |
| a/k/a **CHAMPAIGN-URBANA DIALYSIS CENTER,** | ) |
| | ) |
| | ) |
| **Defendant.** | )   **JURY DEMAND** |

## COMPLAINT

COMES NOW the Plaintiff, Judy D. Sheets, by and through her attorney, Ronald S. Langacker, and for her cause of action against the Defendants, Renal Research Institute, LLC, a/k/a Fresenius Medical Care, a/k/a Champaign-Urbana Dialysis Center, respectfully states and alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the terms of Title 28, United States Code, § 1331, Title 29, United States Code, § 621, *et.seq.*, and pursuant to 28 United States Code, § 1343(a)(3).

2. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of Title 28, United States Code, § 1391(b) since the Defendant engages in business within the judicial district of this Court and the actions Plaintiff complains of occurred within the judicial confines of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. That Plaintiff has exhausted all of her administrative remedies prior to bringing this lawsuit.

4. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and received a right to sue letter dated February 22, 2010, from the EEOC, a true and correct copy of which is attached as Plaintiff's Exhibit #1. The right to sue letter was issued as a result of the charge of discrimination filed by the Plaintiff and received by EEOC on November 10, 2009, a true and correct copy of which is attached hereto and made a part hereof as Plaintiff's Exhibit #2. All allegations of said charge and exhibits are incorporated by reference hereto.

## PARTIES

5. Plaintiff, Judy D. Sheets, is a registered nurse who is a former employee of the Defendant, and currently resides at 9419 North, 1950 East Road, Georgetown, Illinois. Plaintiff is a citizen of the United States.

6. Defendant, Renal Research Institute LLC, a/k/a Fresenius Medical Care, a/k/a C-U Dialysis Dental Management, LLC ("C-U Dialysis") is a foreign limited liability company organized and existing under the laws of the State of New York, with a place of business located within the confines of this judicial district at 1405 W. Park Street, Urbana, Illinois.

7. At all times pertinent to this proceeding the Defendant, C-U Dialysis did, in connection with its business enterprise, employ individuals to engage in the manufacturing, transporting, selling, receiving, handling or otherwise working on or dealing in goods, products or services that have been moved in or produced for

commerce and, in engaging in that activity, was both engaged in commerce and in an industry effecting commerce.

## FACTUAL ALLEGATIONS

8. The Plaintiff, Judy D. Sheets, was hired by the Defendant, CU-Dialysis, on January 10, 2006, as a RN-BSN within the Defendant's acute dialysis center.

9. The Plaintiff, Judy D. Sheets, has been recognized by the Defendant, patients, and other individuals as providing exceptional services during the course of her employment with Defendant prior to and following her return from a leave of absence in July 2008, occasioned by her disability.

10. That on July 7, 2007, Judy D. Sheets injured her right hand during the course of her employment, and subsequently took a medical leave of absence.

11. That upon returning to work, the Plaintiff provided to the Defendant on August 4, 2008, work restrictions related to the use of her right hand. Said restrictions are attached hereto and incorporated herein as Exhibit #3.

12. That following her return to work, the Defendant reassigned the Plaintiff from the acute dialysis center to the chronic dialysis center.

13. Upon the Plaintiff's returning to work, the Defendant failed to reasonably accommodate the Plaintiff's disability, discriminated against the Plaintiff as a result of her disability, and created a hostile work environment.

14. That as a result of the misconduct of the Defendant, Plaintiff was terminated from her employment on June 23, 2009.

## COUNT I
**(Americans with Disabilities Act)**

15. Plaintiff repeats all of the above paragraphs as if each had been separately alleged within this paragraph and incorporates said allegations into Count I.

16. Plaintiff was protected at the time by the Americans with Disabilities Act of 1990, § et seq., 42 U.S.C.A. §12101 et seq. ("ADA").

17. At all times throughout the course of her employment the Plaintiff adequately performed her duties for C-U Dialysis and satisfied all reasonable expectations imposed upon her by C-U Dialysis in connection with her employment.

18. Plaintiff was disabled as that term is used pursuant to the ADA.

19. Plaintiff was qualified to perform the essential functions of her position upon returning from medical leave with a reasonable accommodation.

20. Defendant failed to fully acknowledge or reasonably accommodate the Plaintiff's disability, and it would not have constituted an undue hardship on the Defendant to reasonably accommodate the Plaintiff's disability.

21. C-U Dialysis terminated the Plaintiff's employment on June 25, 2009.

22. The Plaintiff's termination of employment was a result of Defendant failing to reasonably accommodate her disability.

23. The act of discriminatory misconduct described above was the result of a willful or intentional effort on the part of C-U Dialysis to discriminate against the Plaintiff for reason of her disability, and in retaliation for her assertion of rights pursuant thereto.

24. As a direct and proximate result of the discriminatory treatment described above, the Plaintiff has suffered emotional anguish and

distress, physical injury, pain and suffering, humiliation, the loss of wages, inconvenience and the loss of the enjoyment of life and other economic entitlements enjoyed by her prior to the Defendant's misconduct in connection with her employment.

## COUNT II
### (Age Discrimination)

25. Plaintiff repeats all of the above paragraphs as if each had been separately alleged within this paragraph and incorporates said allegations into Count II.

26. At all relevant times Plaintiff was over the age of 40 and was a protected party under the Age Discrimination and Employment Act, 29 U.S.C.A § 623(a).

27. At all times throughout the course of her employment the Plaintiff adequately performed her duties for C-U Dialysis and satisfied all reasonable expectations imposed upon her by C-U Dialysis in connection with her employment.

28. C-U Dialysis terminated the Plaintiff's employment on June 25, 2009.

29. The Plaintiff's termination of employment was unlawful because she was terminated because of her age. Further, similarly situated younger individuals were not treated in a similar fashion by the Defendant.

30. The act of discriminatory misconduct described above was the result of a willful or intentional effort on the part of C-U Dialysis to discriminate against the Plaintiff because of her age.

31. As a direct and proximate result of the discriminatory treatment described above, the Plaintiff has suffered emotional anguish and distress, physical injury, pain and suffering, humiliation, the loss of

wages, inconvenience and the loss of the enjoyment of life and other economic entitlements enjoyed by her prior to that misconduct in connection with her employment with C-U Dialysis.

WHEREFORE, The Plaintiff, Judy D. Sheets, respectfully requests that this Court enter the following relief:

A.   Award Compensatory damages to Plaintiff for loss of pay and benefits incurred as a result of the discrimination against her as alleged in the complaint, pursuant to and within the statutory limits of the ADA and ADEA.

B.   Award compensatory damages to Plaintiff for mental and/or physical injuries incurred as a result of the discrimination against her as alleged in the complaint, pursuant to and within the statutory limitation of the ADA and ADEA.

C.   Issue a mandatory injunction directing C-U Dialysis to re-employ the Plaintiff to the position held by her prior to the discriminatory conduct complained of with all employment duties, responsibilities and rights attendant to that position and at a salary equal to or greater than the salary the Plaintiff earned prior to the conduct complained of by her or in lieu thereof, award to the Plaintiff in the form of damages monies equal to lost future wages and employment benefits;

D.   Order Defendant to continue to pay for those reasonable accommodations required by Plaintiff to perform the essential functions of her job at Defendant's own expense without demands for reimbursement, insurance submission or payment by Plaintiff of any kind.

E.   Assess against C-U Dialysis the costs and expenses incurred by the Plaintiff in maintaining the above captioned proceeding together

with the reasonable attorney fees incurred by her in prosecuting the above case;

F. Award Plaintiff pre-judgment interest for the defined sum of wages and benefits lost;

G. Assess against C-U Dialysis and in favor of Plaintiff such liquidated damages and exemplary damages as may be provided by law for the willful violations of the law committed by it; and

H. Provide for such other relief as the Court deems to be equitable and just.

        PLAINTIFF DEMANDS TRIAL BY JURY.

        Respectfully Submitted,


        By: s/ Ronald S. Langacker
            Ronald S. Langacker, #6239469
            Attorney for Plaintiff
            302 W. Hill Street, Suite 101
            Champaign, Illinois 61820
            Telephone:  (217) 390-4932
            Facsimile:  (312) 377-1921
            E-Mail:  langackerlaw@gmail.com